# RECORD IMPOUNDED

### NOT FOR PUBLICATION WITHOUT THE
### APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0429-18T3

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

CALVIN J. CHOW,

     Defendant-Respondent.

_____

Submitted February 28, 2019 – Decided April 30, 2019

Before Judges Simonelli and Whipple.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-07-1091.

Andrew C. Carey, Middlesex County Prosecutor, attorney for appellant (Patrick F. Galdieri, Assistant Prosecutor, of counsel and on the brief).

Law Office of Howard S. Teitelbaum, LLC, attorneys for respondent (David A. Parinello, of counsel and on the brief).

PER CURIAM

The State appeals from the September 14, 2018 order of the Law Division admitting defendant Calvin Chow into the Middlesex County Pretrial Intervention Program (PTI) over its objection. We reverse.

Defendant and M.M. were in a one-week relationship in 2014 or 2015.[1] M.M. sent defendant several nude photographs during the course of their relationship. At the time, M.M. was eighteen or nineteen years old and defendant was twenty-eight or twenty-nine years old. A year later, M.M. discovered her nude photographs with her name and address on an Internet website that permitted users to submit anonymous naked pictures. M.M. did not give permission for her photos to be posted. She reported this to the police, but the police could not determine who posted them.

On December 2, 2017, more nude photographs of M.M. were posted on the same website. M.M. recognized the user name as defendant's. She confronted him through Facebook Messenger, and he responded, "I know you're right [I] fucked up, it's not [going to] happen again. . . . [I] [d]idn't know what I was thinking and how it would [affect people]." M.M. reported defendant to

---

[1]  The facts are derived from a combination of the police report, the probation officer's interview with and assessment of defendant, and the prosecutor's PTI letter. No sworn testimony was given in this case.

A-0429-18T3

the police, and he was charged with two counts of third-degree invasion of privacy, N.J.S.A. 2C:14-9(c), for the 2017 posts.

Defendant applied to PTI. Admission into PTI requires recommendation by the program manager and acceptance by the prosecutor. N.J.S.A. 2C:43-12(e). Both the program manager and prosecutor "shall consider" the following factors in rendering an admission decision:

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;
>
> (4) The desire of the complainant or victim to forego prosecution;
>
> (5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;
>
> (6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;
>
> (7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social problem that led to the applicant's criminal act;

(12) The history of the use of physical violence towards others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crime is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

A-0429-18T3

> (17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.
>
> [Ibid.]

PTI is intended for defendants in need of rehabilitative services and "when there is an apparent causal connection between the offense charged and the rehabilitative need, without which cause both the alleged offense and the need to prosecute might not have occurred." Guidelines for Operation of Pretrial Intervention, Pressler & Verniero, Current N.J. Court Rules, Guideline 1, following R. 3:28 at 1289 (2018).[2] Thus, a PTI determination requires an "individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'" State v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)); see also State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v.

---

[2] Effective July 1, 2018, the former Rule 3:28, which contained several guidelines for PTI assessments, was revised and replaced by Rules 3:28-1 to -10. The new rules more closely track the statutory factors and case law. However, because defendant's PTI assessment was made on June 19, 2018, the former version of the rules apply. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 473 n.4 (2018) (applying "version of Rule 3:28 and the accompanying Guidelines and Comments that governed when [the defendant] was admitted to PTI").

A-0429-18T3

Sutton, 80 N.J. 110, 119 (1979)) ("PTI decisions are 'primarily individualistic in nature . . . .'").

During his interview, defendant asserted he was a good candidate for PTI because this was his first adult offense, he maintains full-time employment, he is a college graduate, and PTI would deter him from future criminal activity. The Middlesex County Criminal Division Manager declined to recommend defendant to PTI.

The prosecutor agreed and denied defendant's PTI application. The prosecutor provided defendant with a statement of reasons, listed each statutory factor, as required by N.J.S.A. 2C:43-12(e), and explained why each factor worked in favor of or against defendant's admission. The prosecutor afforded weight to the nature of the offense—the non-consensual posting of nude photographs—and the facts of the case. No weight was given to the motivation and age of defendant because he offered no evidence or explanation as to why he acted but only mentioned that he was thirty-one years old. Factor five—the existence of personal problems for which services in the criminal justice system are not available—was inapplicable because "[d]efendant has provided nothing to suggest that he is in need of services that are unavailable in the criminal justice system." Nor was any weight placed on factor eleven—whether

6

prosecution would exacerbate a social problem that led to the defendant's actions—because defendant "provided nothing to suggest that this is the case." The prosecutor also discussed the public policy interest in the need to deter the act of posting nude photographs without the subject's consent.

M.M. wrote a victim statement and explained that seeing her nude photographs posted online traumatized her, caused her to develop "anxiety, depression and PTSD," and "crushed every ounce of self-esteem [she] had." Thus, the prosecutor cited factor four—the victim's resistance to the defendant's admission into PTI—as weighing against defendant's admission.

Defendant appealed to the trial court and argued the charged offense "involves the defendant 'posting' a photo which the alleged victim had apparently . . . taken with her consent and which the alleged victim provided to the defendant through electronic means." Defendant expressed his remorse, motivation not to re-offend, college education and his steady employment as reasons for admission into PTI. In support of factor five, defendant explained, "[he] is a member of a new generation wherein the lines are blurred with the explosion of social media." Defendant admitted to "a huge lapse in judgment" and stated, "[t]he PTI program is ideal in this respect as counseling would undoubtedly be a requirement of admission therein."

 A-0429-18T3

After hearing oral argument on September 14, 2018, the trial judge addressed each factor concerning PTI admission and made his own findings as to whether each favored the State or defendant. In discussing factors three and six, the trial judge faulted the prosecutor for "parroting" the statutory language and not offering a substantive reason as to why these factors did not favor defendant's admission. When discussing factor six, the judge stated, "[i]t is likely that [d]efendant's crime is related to a condition or situation that would be conducive to change through his participation in a supervisory program. As the defense alleges, [d]efendant is in need of counseling and he could get counseling through a supervisory treatment program . . . ."

The judge found factors seven and fourteen, both concerning societal interests, favored defendant. The judge faulted the prosecutor for only considering the general need for deterrence of crimes like the one defendant was alleged to have committed and not the facts of the case, and, as a result, he found the prosecutor's analysis of defendant's application a categorical exclusion from PTI based solely on the nature of the offense.

During the hearing, defendant's counsel argued "that in this day and age the lines are very blurred when it comes to social media," to which the prosecutor responded "there[] were no blurred lines. This was revenge porn."

8

The judge asked "[t]his is what kind of porn? [A:] Revenge porn. [Q:] Revenge for what? I don't know anything about revenge." The prosecutor explained the "victim was particularly traumatized by the incident," which the judge minimized by making a joke. Thereafter, the judge found the prosecutor committed a gross abuse of discretion and ordered defendant into PTI.

The prosecutor immediately asked the judge to reconsider his decision, which the judge declined to do. The State appealed and argues that because defendant did not establish by clear and convincing evidence that the State's decision to reject his PTI application was a patent and gross abuse of discretion, the trial court erred by admitting defendant into PTI. We agree.

A defendant denied access to PTI can appeal the decision to the trial judge, but the prosecutor's decision "is entitled to a great deal of deference." Roseman, 221 N.J. at 624. "Trial courts may overrule a prosecutor's decision to accept or reject a PTI application only when the circumstances 'clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion.'" Id. at 624-25 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)); see also State v. Leonardis, 73 N.J. 360, 380 n.10 (1977) ("While we expect that the prosecutor's decision rarely will be overturned, review will guarantee that the judge's skill in assessing the

various factors enumerated in Guideline 3 and in drawing legal conclusions from them are fully utilized."). A showing of "a patent and gross abuse of discretion" requires proof "that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in [judgment.]" Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). A trial court can admit a defendant into PTI over the prosecutor's objection upon such a showing. Ibid. We apply the same standard as the trial court and review its decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

The State argues the judge did not apply the appropriate level of deference to the PTI review but rather substituted his own judgment. The State contends the judge did not recognize that the prosecutor addressed all the relevant factors and considered defendant's amenability to rehabilitation. The prosecutor ultimately concluded defendant's motivation to seek rehabilitative services was "unclear" because, other than expressing remorse, defendant provided no evidence he wanted to engage with services. Moreover, the State argues it was proper to take the nature of defendant's offense into account.

The State characterizes defendant's alleged actions as "revenge porn" and provides several citations defining the term "as nonconsensual pornography: the distribution of sexually graphic images of individuals without their consent," (quoting Patel v. Hussain, 485 S.W. 3d 153, 157 n.1 (Tex. App. 2016)). Revenge is not an element of the charged offense but describes the act of posting an ex-romantic partner's nude photographs on the Internet in retaliation. For purposes of the crime charged, invasion of privacy, what matters is the victim's lack of consent.

State v. Nicholson, 451 N.J. Super. 534 (App. Div. 2017), is instructive. There, the defendant was charged with third-degree invasion of privacy for posting a photo of a woman's intimate parts on the Internet without her consent and was denied entry into the PTI program. Id. at 539-40. We explained it was appropriate for the prosecutor to account for the effect the offense had on the victim. Id. at 554. The State argues, here, that the trauma defendant's actions caused M.M. was a relevant and weighty consideration. We agree.

Defendant seeks to distinguish Nicholson by arguing, in this case, M.M. volitionally sent photographs to defendant, while the victim in Nicholson did

11

not consent to being photographed.  We reject defendant's premise.[3]  M.M.'s

consent, as to both the taking and posting of her photographs, goes to defendant's

culpability and is unrelated to defendant's amenability to rehabilitation.  Rather,

in Nicholson we said, "[t]he prosecutor properly considered the devastating

effect of defendant's conduct on the victim, who became withdrawn and

frightened and who opposed PTI to deter defendant from victimizing anyone

else."  Ibid.  Here, it was wholly appropriate for the prosecutor to place weight

on M.M.'s victim impact statement.  It was inappropriate for the trial judge to

conclude factor seven favored defendant.

A reviewing court does not evaluate the prosecutor's PTI decision "as if it

[stands] in the shoes of the prosecutor."  State v. Hoffman, 399 N.J. Super. 207,

216 (App. Div. 2008) (alteration in original) (quoting Wallace, 146 N.J. at 589).

"The question is not whether [the court] agree[s] or disagree[s] with the

prosecutor's decision, but whether the prosecutor's decision could not have been

reasonably made upon weighing the relevant factors."  Nwobu, 139 N.J. at 254.

Thus, the analysis consists of determining whether the prosecutor's decision was

arbitrary, not evaluating the substantive weight the prosecutor placed on

---

[3]  We also put aside defendant's suggestion that we adopt the thought that consent in one context is consent in all contexts.

relevant factors. See Roseman, 221 N.J. at 625. After reviewing the record, we agree with the State that the judge exceeded his scope of review by making findings as to which factor he thought favored the respective parties. The role of the reviewing court is to police for a "patent and gross abuse of discretion" by the prosecutor, not to substitute its judgment for the prosecutor's. Nwobu, 139 N.J. at 254-55.

We reject the argument the prosecutor's decision constituted a categorical exclusion based on the crime charged. The basis for exclusion was that defendant put forth no evidence indicating his amenability to rehabilitation. The only individualized information defendant provided to the prosecutor was that he was thirty-one years old, a college graduate, and steadily employed. He reported being in good physical and mental health and denied needing any form of treatment. Based on this information, the prosecutor concluded his motivation to commit the offense was "unclear" and "[d]efendant has provided nothing to suggest he is in need of services that are unavailable in the criminal justice system." Ultimately, the prosecutor afforded factor three—the defendant's age and motivation—no weight because defendant's submissions were inconclusive. We do not consider this an arbitrary decision.

13

Perhaps the most troubling aspect of the trial judge's decision was the minimization of the impact on the victim. Defendant suggested M.M's role in sending photographs to him actually absolves him of wrongdoing and justifies leniency. For the judge to find factor seven—which considers the victim's interests—to favor defendant not only exceeds the scope of review but undermines the PTI program as an extension of the prosecutor's charging authority. State v. Baynes, 148 N.J. 434, 443 (1997).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION